IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00135-GPG

MARCUS F. CORDOVA,

    Plaintiff,

v.

WATT PESTERFIELD, Division of Adult Parole (C.D.O.C.), and
ADAMS COUNTY DETENTION FACILITY CENTER,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Marcus F. Cordova, is detained in the Denver County Jail.  He initiated this action on January 20, 2015, by filing a Motion to Hear Habeas Corpus Motion and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.  In the Habeas Corpus Motion, Mr. Cordova challenged the revocation of his parole and his reincarceration.

    In a January 22, 2015 Order (ECF No. 4), Magistrate Judge Gordon P. Gallagher reviewed Mr. Cordova's filing and determined that it was deficient because if he was attempting to challenge the execution of his state court sentence, his claim(s) must be asserted in the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *see also United States v. Furman,* 112 F.3d 435, 438 (10th Cir.1997) (noting that issues concerning "parole procedure[ ] go to the execution of sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241").  Magistrate

Judge Gallagher ordered Mr. Cordova to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the court-approved form, within 30 days. (*Id.*). Plaintiff was instructed that he could obtain the form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. (*Id.*).

On February 20, 2015, Mr. Cordova filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 8), along with two new § 1915 motions (ECF Nos. 5 and 6). Plaintiff asserts two claims for relief in the Prisoner Complaint: (1) the Division of Adult Parole failed to comply with due process because Plaintiff was not afforded a parole revocation hearing within thirty days (ECF No. 8, at 5); and, (2) in October 2012, while Mr. Cordova was in the custody of Defendant Adams County Detention Center, he was transported to a Colorado Department of Corrections (CDOC) facility, where he was attacked by another inmate while being detained illegally at that facility for 18 days (before he was sentenced by the state court). (ECF No. 8, at 2-3). For relief, Mr. Cordova seeks immediate release from custody. (*Id.* at 7).

Mr. Cordova did not file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, as directed in the January 22 Order. Instead, he filed a Prisoner Complaint. Because Mr. Cordova asserts a civil rights claim in the Prisoner Complaint, the Court assumes that Plaintiff intends to proceed under 42 U.S.C. § 1983 and will address the sufficiency of the Complaint.

Plaintiff has been granted leave to proceed *in forma pauperis* in a civil rights action, pursuant to 28 U.S.C. § 1915. (*See* ECF No. 9). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous or

seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Prisoner Complaint liberally because Mr. Cordova is not represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, this action will be dismissed.

## I. Challenge to Procedures Used to Revoke Parole

Mr. Cordova asserts in his first claim for relief that he was not afforded a parole revocation hearing within 30 days, as required under *Morrissey v. Brewer*, 408 U.S. 471 (1972), and pursuant to state statute.  To the extent he seeks relief under § 1983, the claim is premature.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that to recover damages for an unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck* applies to proceedings that call into question the validity of a parole revocation.  *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996).

A prisoner can bring a § 1983 claim that challenges the procedural aspects of a parole revocation without running afoul of the rule in *Heck*. *See Spencer v. Kemna*, 523

U.S. 1, 17 (1998) (if plaintiff "were to seek damages for the wrong procedures, not for reaching the wrong result, and if that procedural defect did not necessarily imply the invalidity of the revocation then *Heck*" does not apply); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that prisoners are not barred from challenging the constitutionality of parole procedures through a § 1983 action because, if successful, the prisoners would neither necessarily receive a quicker release nor would a decision in their favor imply the invalidity of their conviction or sentence).

Mr. Cordova, however, does not challenge the validity of applicable state parole revocation procedures. To the contrary, he contends that a state statutory requirement for a parole revocation hearing to occur within 30 days was not followed in his case,[1] and that his due process rights were violated under *Morrissey*. For relief, he requests immediate release from custody. His claim, therefore, is cognizable only in a habeas corpus action, filed pursuant to 28 U.S.C. § 2241. *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("Because a prisoner's claim necessarily challenges the fact or duration of confinement when the remedy sought is the immediate or speedier release from confinement, such a claim must be brought under habeas.").

Accordingly, the Court will dismiss Mr. Cordova's first claim for relief, challenging his parole revocation on due process grounds, without prejudice. Mr. Cordova may open a new civil case with an Application for a Writ of Habeas Corpus Pursuant to 28

---

[1]The relevant state statute provides:

> If the parolee is in custody pursuant to subsection (4) of this section, or the parolee was arrested and then released pursuant to paragraph (c) of subsection (5) of this section, the hearing on revocation shall be held within a reasonable time, not to exceed thirty days after the parolee was arrested; except that the board may grant a delay when it finds good cause to exist therefor.

COLO. REV. STAT. (C.R.S.) § 17-2-103(7) (2014) (setting forth the procedures for parole revocation).

U.S.C. § 2241.  Plaintiff is reminded that a state prisoner must exhaust available state court remedies before seeking federal habeas corpus relief.  *See Montez*, 208 F.3d at 866.

## II.  Claim Against Adams County Detention Facility

Mr. Cordova's § 1983 claim against Defendant Adams County Detention Facility fails on several grounds.

First, the Adams County Detention Facility is not an entity separate from Adams County, Colorado, and, therefore is not a person subject to suit under § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

Second, to hold Adams County liable under 42 U.S.C. § 1983, Mr. Cordova must allege facts to show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Local government entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  Mr. Cordova does not allege facts to show that he was attacked at a CDOC facility because of a County policy or custom.

Third, even if Plaintiff asserted his claim against an individual jail or prison official, Plaintiff does not allege facts to show that any individual acted with deliberate indifference to a serious risk of harm to his safety, so as to implicate the Eighth Amendment. "[P]rison officials have a duty to protect prisoners from violence at the

hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks and ellipsis omitted). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. In order to establish an Eighth Amendment claim for failure to protect, a plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm[,] the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) (internal quotation marks omitted). For the subjective component, "a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (internal quotation marks omitted). These Eighth Amendment standards apply whether Mr. Cordova was a convicted prisoner or a pre-trial detainee at the time of attack. *See Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999) (noting that pre-trial detainees are protected under the Due Process Clause rather than the Eighth Amendment; however, in determining whether the plaintiff's rights were violated, the court's analysis is the same as in Eighth Amendment cases brought pursuant to § 1983) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).

Finally, the § 1983 Eighth Amendment claim appears to be time-barred. Mr. Cordova complains that he was assaulted (or threatened with assault) by a CDOC inmate in October 2012. A two-year statute of limitations governs actions under § 1983. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir.1993) (a two-year statute of limitations applies to § 1983 actions in Colorado, citing C.R.S. § 13-80-

102(1)(i)); *see also Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006) (recognizing two-year statute of limitations for § 1983 actions in Colorado). "State statutes of limitations applicable to general personal injury claims supply the limitations period for § 1983 claims, but federal law governs the time of accrual of § 1983 claims." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir.1999) (citations omitted). A claim asserting the violation of a constitutional right accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* (internal quotation marks omitted). Mr. Cordova's Eighth Amendment/Due Process claim therefore accrued at the time the assault or attempted assault occurred. *See id.*; *see also Watkins v.* Craft, No. 11-7019, 455 F. App'x 853, 855 (10th Cir. Dec. 16, 2013) (unpublished) (cause of action for excessive force against police officer accrued at time of alleged assault). Because Plaintiff initiated the instant action in January 2015, more than two years after his claim accrued, it is untimely. The court may dismiss a claim as time-barred where the running of the applicable statute of limitations is clear from the face of the complaint and no further factual record is required. *See Fogle*, 435 F.3d at 1258; *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir.1995). Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 8) and this action are DISMISSED. The first claim for relief, in which Plaintiff challenges his parole revocation on due process grounds and seeks immediate release from custody, is dismissed without prejudice. Mr. Cordova may initiate a separate action and file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The second claim for relief, asserting a deprivation of Plaintiff's constitutional rights in conjunction with an attack by another prisoner, is dismissed with prejudice for failure to state an arguable claim for

relief.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Cordova files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED February 26, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court